Good morning. May it please the Court, Natasha Chesler on behalf of Plaintiff and Appellant, and I'm here with my partner Tim McCaffrey. If I may reserve six minutes for rebuttal, please. This is a putative class action that was filed in May 2013, and we are here on appeal of two issues. One, the class certification order, and two, the summary judgment order. I address the class certification first because summary judgment was granted with respect to damages issues, and therefore I think it makes sense to talk about liability before we get into what are damages for that. The district court denied certification solely on predominance, and the only issue in this case are uniform policies and practices. These are admitted policies and practices. They are either legal or they are not. Individual inquiries are not required with the exception as to possibly damages. I think that makes sense. Can I? Yes. I think it makes sense to me as to the route restriction policy, because I think your argument is if the employer retained too much control, then there wasn't a break, I'm summarizing. Yes. But that makes sense to me that that would be a legal ruling, right? Yes. And then you have another argument about meal breaks, and I think that if the idea is that argument also makes sense to me that it could be class-wide and even derivative, but I'm having more trouble with the third argument. Let me make sure I've got the right name of it. The auto deduct? Oh, it's the other way around. The auto deduct, right, I think makes sense that if there's too much control, then any auto deduct was going to be a problem and unlawful by your view. But the other argument about meal breaks, I think it seems to come out a couple of different ways in the briefing, and at one point I think you say that it doesn't comply across the board. The written policy didn't comply with the law, and if there were oral instructions, the oral instructions didn't comply, and that would be, I think, the problem for me because isn't there some allegation that the supervisors were giving directions about taking meal breaks? Well, the allegation is that the supervisors, the 30B6 witness testified that all supervisors told employees to simply take a break whenever they wanted, and that didn't change until 2011. And is it your argument that that would be insufficient? Yes, Your Honor. Okay. Because our argument is that under Brinker, in order to authorize the break, you must specifically tell employees that they may take it before the 6th hour of work. And I think you rely on Brinker for the follow-up proposition, which is that, and I think this is what troubled the district court at least in part, some of these folks got meal breaks at least some of the time. Yes. Right, and so I think that's what was tripping him up, but that happened in Brinker as well. Yes, Your Honor. Yes, okay. Did you have any other questions on the predominance? Okay. And the only other thing I just wanted to highlight on the route restriction is there is no need to do an individualized inquiry as to whether or not people were controlled or felt controlled. In the Bono case, the California Court of Appeal held that if you restrict the location of the meal period, then you are, as a matter of law, not free of all duty. So really it's just a question as to whether this. Not a break. Exactly. As a matter of law, it's not a break, right? Exactly. Okay, so can I ask another question? What if we decide that the summary judgment was correctly granted on the individual claim, but that the class was improperly denied certification? Well, I believe that the class claim should still move forward because he was still. What order would you have us enter? Well, I would have you reverse the summary judgment. Yeah, I get that part, but you need to take it a little farther, please, because you would be remanding without a class representative, right? Well, I think perhaps leave to put in another class representative, but I do believe he is still harmed. Do you have authority for what we've done in other cases like that? Have we remanded and said, you know, here's within a certain period of time, given the district court direction to give you a period of time to get a class representative or decide whether you're going to go forward, or have you thought through what it is you're asking for in that regard? No, but the summary judgment order really is an error as a matter of law. Okay, that's going to be a bigger win for you if you can convince me of that, but I think that's a real uphill battle.  So let's hear what you have to say about that. So the summary judgment motion alleged that plaintiff lacked evidence of damages. Plaintiff's opposition included all of his time records, which show in black and white what his damages are. The district court then ignored that and said, simply because plaintiff did not calculate in his Rule 26 disclosures the numbers in his time records, there are no damages evidence, which is literally mental gymnastics because there is damages evidence. Well, but plaintiff is going to say, as you know, that it's not their burden to do the homework for you and figure out what the calculation is going to be. That's going to be their argument. Okay, so the case is filed. I think a background of the procedural history of this case does matter here. The case is filed May 15, 2013. Defendants remove. We're assigned one case number. That was case 13-4-3-3-5. July 11, 2013, we have the Rule 26 conference. We exchange disclosures. Plaintiff files a motion to remand. Defendant files a motion to dismiss. Remand is granted. We go back to state court, and defendant removes again on October 18, 2013. We receive a new case number. So the first batch of discovery and disclosures are gone. It's a restart. Defendant serves discovery on October 25, 2013, before the Rule 26 conference. On November 25, 2013, plaintiff objects, including that we haven't had the Rule 26 conference. Again, we exchange the same motions. Plaintiff moves to remand. Defendant moves to dismiss the case. This time, the district court denies remand, dismisses portions of the case, sua sponte, remands the case. Ninth Circuit appeal follows, and we came before you. The case was stayed between approximately November 2013 until April 22, 2016. When we got back into state court, sorry, federal court, on July 21, 2016, the parties had their Rule 26 conference. I spoke with counsel. We filed our Rule 26 report. Nowhere in any of these discussions, or the Rule 26 report that is jointly filed by both counsel, did defendant ever say, hey, we don't know what your calculations are. We need your calculations. We're missing your calculations. You're deficient. They waited until summary judgment to suddenly say we've been harmed. And the truth is that defendant hasn't been harmed because in their removal, they calculated his missing breaks. And in plaintiff's calculations on opposing summary judgment, our calculation is actually even less than their removal. So there is no harm. It's information that they have had this whole time. Did you ever answer their damage interrogatories to specify what the actual damages were? We said it. We never answered the interrogatories, but we answered them. Why not? Well, to be quite honest, Your Honor, between 2013 and 2016, after the three-year stay, it must have slipped my mind. And no one ever once called me and said. There was no motion to compel ever. Not even an e-mail. I honestly can count on one hand the motion to compel in my entire career because when people call me, I'd rather answer than see you. Can you give me record sites for exactly where you want me to go that are the strongest supports for the notion that opposing counsel knew what your damages calculations were? Yes. What are those, please? Just give me one minute, Your Honor. You've got plenty of minutes. Plaintiff or appellant's further excerpts of record at 5 to 8 is the party's joint Rule 26 report, which shows that there were no discovery issues or Rule 26 disclosure issues. One more moment. I have a couple more for you. Actually, maybe I am putting you on the spot. Why don't you go ahead and finish your argument. You'll have a chance on rebuttal to come up and give us those record sites. At least from my notes, that will be important and I would appreciate it. Well, so for me, the overall arching issue is that Rule 37 is if you do not disclose evidence, you may be sanctioned if it's willful by not being able to use that evidence. There's been no evidence withheld. Do you think there was a sanction? Is that how you read the order? Yes, because we did submit evidence as to damages in summary judgment. We put his time records in the record and we cited to them, and those records show in black and white days in which he either did not take a break. It's not the calculation. It's the raw data. Isn't that right? But that's evidence. I'm just trying to give you an opportunity to respond to the district court's reasoning, and I think that's what he reasoned. He said that the defendants don't sort of have to do the work for you, and in response to the interrogatories or whatnot, the question wasn't answered. He also, I think, referred to your client's deposition. But that wasn't his reasoning. His reasoning was that, quote, plaintiff has not provided competent evidence, and we did provide evidence. The time records are evidence, and I did provide a calculation in the opposition to the summary judgment motion. It was in my declaration. Okay. So when you come back, why don't you give me that records item? Okay. That would be helpful to me. Thank you, counsel. Thank you. Bett. Good morning, Your Honor. May it please the court, Stephen Sclaver of Sussman Godfrey. As a procedural matter, if summary judgment is affirmed, there's no case in controversy to even wrestle with the issue of class certification. That's the holding of two Ninth Circuit decisions we cite in our brief. That includes the Corbin versus Time Warner case, as well as the Boyle versus Madigan case. We believe the class certification issue should be affirmed if we lose on summary judgment. I think summary judgment should be affirmed, but I think the order of the presentation should follow the way we presented it in our brief due to that Ninth Circuit precedent. On the issue of summary judgment, there are a few answers to the arguments made about the timing and the concept that the case restarts when there's remand and removal. If that argument proves too much, and let me explain why. If it does, there's no Rule 26 disclosure whatsoever in the record. The Rule 26 disclosure they relied upon in this case is the one that they served. They actually did it twice, both on the two removals. And that disclosure had no computation for damages. It said, once you give us the records, we'll give you a computation. There's evidentiary records. We gave them those records. They're on a CD. They were as part of our opposition to the motion to remand. And that's the raw record. And they had that in November of 2013. Rule 26 is self-executing. There's no obligation for a defendant to come forward and file a motion to compel. So that's point one. I agree with you. Do you have a response to her other point? I haven't looked at it. At least I don't think I have, and I sure will. But she's just cited to a joint Rule 26 statement that she's ‑‑ I think she characterized it as saying that there were not any outstanding discovery issues. Is that a correct characterization? Well, the cite she gave was further excerpt reports, FER, I think six through nine. I have that here. Five through eight. Five through eight.  But do you disagree with that characterization? I disagree with that characterization. And also, this is a general Rule 26 report. There is a procedure we have in place in the case in that report on page five where we agreed to use all the other discovery in the prior case, the de la Cueva case, in this case for efficiency purposes. So that goes to show the argument that all the old discovery goes away is kind of a gotcha when the whole procedure here was to promote Counsel, if you thought the lack of answers to your damage interrogatories weren't sufficient, wasn't the proper remedy then to file a motion to compel rather than do nothing and then come back and argue in summary judgment that they didn't provide you with the damage information you requested? No, Your Honor. That's exactly what happened. For example, in the Wheaton case that we cite in our brief. It's a burden of proof issue. In that case, I'm sorry, Weinberg. That's Weinberg versus Whatcom County. In that case, it quotes a well-known Supreme Court precedent, Salatex, for example, Rule 56, that it's the plaintiff's burden of proof. It's not our job to. I understand that. And I agree. The plaintiff had the burden of proof. But my question is, if you were dissatisfied with the interrogatory answers on damages, why didn't you file a motion to compel? Well, two things, Your Honor. One is we followed it up with a deposition of the plaintiff. Rather than having the lawyer craft an interrogatory that gets signed, we followed up with a deposition. And at the deposition, we asked the questions on the spot. And the witness answered, I don't know. I don't know. I don't know. At one point, I'm not even here for the money. I'm here just to be respected. Or it happened, you asked a lot. I think that was one of his answers. Yeah, with no. He paid a lot for his lunchtime. So with no computation whatsoever. So we have here Rule 26 that says, I'll give you a computation later. And that's a self-executing obligation by a plaintiff. We have interrogatories with blanket objections. And these are simple interrogatories. State your amount of damages. And those objections are worth a read to see the position the plaintiff was taking. And then we have follow-up with a deposition where the answer is, I don't know.  We did the right thing by filing a motion for summary judgment on no damages. That exact position was affirmed in the Weinberg case, which is a landowner case. And then in the opposition brief on summary judgment below, plaintiff's main argument is that doctrine of the burden of proof of damages doesn't apply in a wage and hour context. That's also not true. That's not supported by the plain language of Rule 56 or Celotex. And then we cite the Hoffman case from the Ninth Circuit. That context was a motion in limine to exclude damages, but it's the same concept that the plaintiff has the burden. If they haven't disclosed their damages calculation or computation throughout the case, they have no damages. They can't satisfy their burden. So the procedure here was appropriately filed. I don't think it's really an incentive any way you want to force the defendant to draw out what the plaintiff's damages models are. That's the whole point of Rule 26 and why the advisory committee notes state it's self-executing. And by the way, and it's a point you alluded to in your question, to the extent a question alludes to a point, Rule 26E has mandatory supplemental discovery obligations that don't just apply to your initial disclosures. It also applies to your interrogatories. Talking to a really well-experienced district court judge, he knows that. He knows that, I mean, really, with all due respect. I think your point's well taken. Okay. I think you know everything I'm going to say. So the point is the— I'm not so sure I do. I'm not so sure I do, and I think it's an important point to talk about your first point, if we could flip back to that. You seem to think that if this plaintiff is dismissed, it's over. Yes, two things, Your Honor. One is— Can you fill me in on your view on that? Yeah. First is the Ninth Circuit precedent that the appropriate procedure is the case is over because you have no case in controversy. The court shouldn't wrestle is the term used in one of the Ninth Circuit decisions. I think that's the Boyle v. Madigan case from 1974. There's no occasion to wrestle with class certification. Second, to this day, you can comb through the entire brief and all the record. There's never been a request by the plaintiff, even on appeal, of any other alternative relief. That request is waived. So the case law that you're referring to, let's back up to that. I appreciate your—I just asked for a request for relief a minute ago, and I think your second point is well taken. But the case law that you're referring to, I think, is distinguishable, isn't it? I don't think— Didn't the order of those decisions, weren't they flip-flopped in that case? The Corbin case, it was not flip-flopped. I think you're saying by flip-flop that the district court summary judgment was granted first and they didn't adjudicate class certification. I don't believe that's what happened in the Corbin case. Corbin v. Time Warner, Judge Bivey decision from the 9th Circuit. Bivey. Bivey, I'm sorry. Not at all. But he helps me out sometimes on people mispronouncing my name, too, so I feel out of a duty of loyalty to Judge Bivey. But be that it may, you think the case is on all fours for you? I think the case is on all fours, and I think this request you are asking about has been waived. It is not a request made by the appellants in their briefs, even on appeal to this court. You don't see an argument. We've seen before when we're in the district court and if we're on the plaintiff's side, you may ask for leave to find a new class representative, for example, if there's an adequacy problem. And, in fact, that happened in the de la Cueva case with opposing counsel, the antecedent case to this case for which discovery is all shared. There was an issue of adequacy of the plaintiff. The plaintiff, represented by the same counsel, said we have new class representatives ready. One of them is Mr. Juan Perez. The court denied leave to add a new plaintiff, and class cert was denied because that prior plaintiff was deemed inadequate. So then they filed a new case, and that's how it gets removed, and that's where we are now. There's not one request, despite knowing about that procedure, ever, including in this court in their briefs, for the relief that the court seems to be sua sponte asking about some type of remand. And when you say sua sponte asking, counsel, it just seems to me that it cries out for, you know, what's next? What's the next step? And so it is my job to ask the questions. That's why I'm asking. Correct. And our brief squarely raises this issue that once summary judgment is affirmed, the case is over. And there's no citation, there's no answer to that in the reply brief. That's why I'm wondering if you have a citation that is on all fours, but I think you've given me the one you want to rely upon, and I appreciate that. I'm a little nervous by the court's reaction that there's a concern it's not on all fours. I think the principles. That's a trick question. I'm just trying to make sure that I understand. It is an argument where you're kind of sailing past each other, and I'm just trying to get you to respond. And I think you have, so thank you for that. I think there's just no case or controversy left once the plaintiff has no claim. The case is dismissed, and that's it. So both the cases and I think typical Article III jurisprudence on that issue warrants affirmance. We do cite an unpublished decision in the Ninth Circuit. That's, of course, not precedent, but it has happened before pretty recently. I think that's the Moreno case. That said, I don't want this emphasis of the summary judgment affirmance to take away from our strong belief that if the court addresses class certification, that class certification should be affirmed. It is important that the standard of review is obviously considered here. It's abuse of discretion. And factual findings have to be considered under a clear error standard. And here there are factual findings for which there is no clear error, that determining the effect of what's called the route restriction. First of all, the existence of it. Let me take one step back. It's important to keep in mind in this case the lawyer's theory of liability and the witness's theory of liability and what the actual class representative said. In his deposition, Mr. Perez says, I've never read the employee handbook. I have no idea about the route restriction policy. I've never wanted to go a mile and a half away from my truck to have a meal and been denied that opportunity. What he said is, the pressure of my job and servicing customers and putting them first causes me to miss breaks. That's his allegation, job pressure. So the argument that the route restriction policy is a uniform policy, it applies to everyone, is fundamentally flawed based on the facts of this case. The district court found that the plaintiff didn't read the policy. That should be affirmed. That's not clear error. He wasn't aware of its existence. That many other people strongly believe they could leave their truck and go anywhere they wanted to for a meal. There's a testimony. It's an easy declarant to remember because his name is James Taylor, but I assure you it's not the same one. He says, I could leave my truck and go anywhere. My wife could pick me up. We could drive five miles. We have declarations that were submitted in the record for which it is not clear error to have found that all these drivers, some of them like to stop at an Outburger on their route or stop at a McDonald's. They name these restaurants. One of them likes to stop at a particular restaurant because it's near where his mother lives, and that's where he wants to visit with her for a meal. These are long-haul truck drivers that drive vast distances, and they are the boss of their own day. That's their own testimony. So the effect of the policy has to be determined on a case-by-case basis, and the Ninth Circuit has warned, given strict instructions in the Wang versus Chinese Daily News case and the Inright Whales Fargo Overtime case, I understand those are exemption cases, but the language in those cases state it is an abuse of discretion to look at a policy in isolation, the word isolation is in the decisions, from other factors. And here the court did exactly that. He did exactly what his discretion permits. He looked at the other factors. Others prefer to eat in their truck. There's testimony of folks who like to eat in their truck because they want to listen to the radio or read the New York L.A. Times. It says in the only lawyer who would see New York Times, it's the L.A. Times, in their truck. And so that issue are individualized issues, which it was proper for the court to balance and weigh and exercise its discretion and said it would predominate over the common issue. The same goes to the auto deduction issue, which the court rightly finds is derivative of the route restriction theory, and he goes through the records and shows that numerous drivers, including the plaintiff himself, as he testified, sometimes forgot to swipe for a meal. There's one instance where he actually testified about it, and there are numerous other drivers who give testimony in the record that is all submitted, and it's a factual finding, and it's not clearly erroneous that they forgot to swipe, or there would be fog, or they'd be parking. One witness testified about how he would deliver the milk underground at a hospital's garage facilities, and the GPS wouldn't work, and there were swipe issues. And the court said all of those issues together, you can't analyze the raw data. You have to look at the why. You have to look at the when. What's the reason for the missing brake? And that's not sufficient. And those, too, are individualized issues that would swamp the case. All of those factual findings are appropriate, and they were appropriately balanced and weighed, and the court properly exercised its discretion to conclude the class shouldn't be certified. And so I think on the issue of meal break timing, the court also found properly that it's a discretionary policy. Take a meal when you want to, and many drivers testified, I took it before the fifth hour. I like taking it later. One witness testified he'd like to go to his niece's Sweet 16 party so he could leave work early if he took his meal at the end of the day or skipped it completely. Again, those are all case-by-case issues that the district court properly balanced. We had testimony from 35 percent of the putative class, all of which varied all across the board about different vignettes and stories about their day-to-day hauling experiences. And the district court balanced it appropriately and applied the proper legal standards, and those, too, should be affirmed if for any reason the court reverses the summary judgment there below. Nothing further, I'll sit. Thank you for your helpful argument. Thank you. Thank you. The citation for defendant's calculation of the meal period, the missed meal periods, is at ER 2828, and my declaration in opposition to summary judgment calculating missed meal periods is at ER 330, and the Zeta records are at ER 3223 through 3372. As far as calculating specific dollars and cents, Bradley v. Networkers International, which we cited in our brief, under California law, evidence of your damages in a wage and hour case is either going to be testimony or time records. It is up to the judge or the jury, then, to calculate, or you could provide an expert. And simply because we didn't provide an expert to add 1 plus 1 equals 2 doesn't take away from the fact that at the summary judgment stage we did provide the evidence of 1 and 1, and it was up to the judge to understand that at that point a jury could add those two numbers together and make an award. There was evidence of damages. Yes, sir. The plaintiff didn't seem to have evidence of his own damages in his deposition. Well, he said a lot, and it was a lot. So how does a jury decide what a lot is? Well, it's the time records. This isn't one of those cases where, well, on the route restriction it's simple. If the route restriction is found to violate, then every shift he worked he is entitled to his hour of premium pay, and that's easy. If it's the missed meal breaks, then it's every day in which he does not have a meal break swiped in his time records. And that also, under California law, as cited in our brief, is a defendant's requirement to keep adequate employment records, and if they don't then a rebuttal presumption creates for the plaintiff that the meal break was not taken. So in this case we are stipulating two defendant's records. We are not challenging defendant's records. We are saying the damages are whatever Altadena's records show, and that is fair evidence. And the Ninth Circuit has made clear that a defendant cannot come back in, especially at certification, and I wouldn't understand why in summary judgment and say our own records don't count as evidence for some reason. It is evidence. Regarding the issue of the adequacy of the representative, this case has a long history and it's becoming a comedy of errors, but we didn't move for leave to add another class representative because by the time we got to summary judgment, class certification had been dismissed and was pending review here. And we asked this court for emergency relief to stay summary judgment so the class certification decision could be addressed, and that relief was denied, and therefore we couldn't try and change class certification because that ruling had been made. And so at that point the summary judgment ruling was issued. It was an individual action. The opposing counsel's argument is that nowhere have you made a request that if summary judgment is affirmed that you be given leave to substitute. It didn't appear to be procedurally possible to do it since the order of the rulings, the way they came down in the appeal. Well, I'm talking about even in the Ninth Circuit where both issues are before us. I think that's what he was talking about anyway. Well, I guess it's not clear, but obviously we would ask the case to go forward as we've requested the certification be reversed. It wasn't supposed to be a trick question. I'm just really asking you to agree. Is he right that it's nowhere in here in the Ninth Circuit briefing? I think he's right that we did not clearly ask for that no, but I think we made clear. That's all I was looking for. And then turning to the notion that Rule 26 is a self-executing punishment, Rule 37C1 makes clear that, yes, it's self-executing, but it's not to be used if it's substantially justified or harmless. And truly, this is a harmless error, if it even is an error that plaintiff was required to perform the specific calculations at the summary judgment stage and not simply adduce evidence, which, again, under California law, wage and hour, it is the plaintiff's job to adduce evidence of damages. Defendant is not harmed at all. It's their own records. They have had these records for many, many years. This case has been litigated for many, many years. Defendant knows exactly what the damages are. If it's the route restriction, it's every shift worked, and if it's the missed meal periods, it's every day where there's no meal period on his timesheet. It's evidence that they've had. I was going to address counsel's remarks on certification, unless there are any other questions on the summary judgment. Could I just do ñ I guess I ñ the judge, I'm looking at his order on pages three and four, and it's a quite lengthy discussion about the damages, but he does say plaintiff has not exhibited any good faith showing they needed more time to obtain facts essential to proving damages, and he goes on from there. This failure to produce evidence at each stage of discovery of a vendor's plaintiff's damage and lacking an essential element is ñ I don't know. It's a separate question whether this is really a Rule 37 sanction, and it's a separate question whether he's got the findings that he would need if he were going to sanction you with something that's going to, of course, be claimed as positive. But do you want to respond to this notion of has not exhibited any good faith that he needed more time? Yes, because there wasn't a requirement of more time to produce anything because everything's been produced. There's no evidence. Calculation. That's the judge's clear refrain, and the defendants are saying the same thing. You didn't calculate it for us. We don't know what you want. Right, and what we said in opposition to summary judgment was, you know, sorry, we didn't calculate it. You've had the records all the time. It's on your records, and here's the calculation in opposition to summary judgment. My declaration said these are the number of missing meal periods, and again, the irony is my number on the same records for whatever reason came out to less than their number on removal. So there's definitely no harm, and I don't see what the harm to defendant is because harmlessness is a reason not to impose such a draconian sanction. This is taking away a plaintiff's right to a jury trial, and it is elevating form over substance. Is there anything further? Any further questions? The only thing was, again, the notion that some people may have liked the route restriction policy and liked eating in their truck, and reading a newspaper is nice but also does not change the fact of whether or not the policy is lawful or not. And there was a recent case. It came out after the briefing, but I'll just give you the site. ABM Industries Overtime Cases, 19 CALAP 5th, 277. Hold on. Sorry. 19 CALAP what? 5th, 277. Uh-huh. That explains. Again, the question is not how individual people perceived the policy for class certification. The question is, does the policy exist, and is it uniformly applied? And the answer to both that on our record is yes. But just in summary on the summary judgment motion, yes, the court says that we were asked multiple times to produce the information, and, again, that is simply false. They propounded an interrogatory, and if they had once sent an e-mail or a phone call or anything, we would have provided supplementation. Just one more time. His argument is they propounded an interrogatory that Rule 26 is self-executing and that they asked your client at his deposition. And so that's several times, and your best response is? The interrogatory was propounded before Rule 26, and plaintiff did neglect to supplement after being stayed for three years. Okay. And no one ever called and said, hey, we're missing your interrogatory response. So that goes to your good faith. That goes to the good faith. And that's not Rule 26 self-executing. That's discovery response. And the proper procedure for discovery response is to make a motion to compel. Was there evidence? Summary judgment is do you have evidence? Do you have evidence? Is there a dispute? And summary judgment, they said there's no damages, and we said here are his pay records. And just responding to your statement that there was one request, and there wasn't. There were several. Well, the Rule 26, we said oh, sorry, one other thing is Rule 26 does not require supplementing if the information has since been produced in discovery. And it was later produced in discovery. That information, so they had the information which technically relieved plaintiff of the requirement of supplementing the Rule 26 disclosures. And they asked him at his deposition, did you miss meal breaks? And he said a lot of them. And where is the evidence? It's in his time records. You're over your time. Thank you very much for your very helpful arguments. Thank you. We'll stand in recess for the day. All rise.
judges: Fernandez, Christen, Bennett